IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY ELIZABETH BROPHY, et al. | : | CIVIL ACTION |
| v. | : | |
| ALEXANDER BELFI | : | NO. 19-1488 |

**MEMORANDUM**

**Padova, J.**  **June 17, 2019**

Plaintiffs Mary Elizabeth Brophy, in her individual capacity, and Mary Elizabeth Brophy, Managing Partner of and trading as League Street Partnership, commenced this breach of contract and unjust enrichment action in the Court of Common Pleas of Philadelphia County against Defendant Alexander Belfi after Defendant allegedly breached a partnership agreement. Defendant removed the case to this Court on April 9, 2019, asserting that this Court has federal question and diversity jurisdiction. Presently before the Court is Plaintiffs' Motion to Remand which argues, *inter alia*, both that this Court lacks jurisdiction and that removal was procedurally defective pursuant to the forum defendant rule. For the following reasons, we grant the Motion to Remand.

**I.     BACKGROUND**

The Complaint alleges the following facts.[1] On February 14, 2015, Plaintiff Brophy and Defendant entered into a contract, with an effective date of October 1, 2014. (Compl. ¶ 5.) The contract formed LS Partnership, a partnership for the purpose of renovating and developing real estate. (Id. ¶¶ 3-4.) The parties agreed that the first asset of the partnership was a house titled in Defendant's name, which was located in Philadelphia, Pennsylvania. (Id. ¶¶ 7(c)-(d).) The

---

[1] We draw these allegations from the Complaint that was filed in state court on December 27, 2017. According to Plaintiffs' Motion to Remand, Plaintiffs filed two Amended Complaints in state court but neither party has provided us with copies of the Amended Complaints.

partnership agreement provided that Plaintiff Brophy and Defendant would share all profits of the partnership as follows: "50.1% to Brophy [Plaintiff]; 49.9% to Belfi [Defendant]." (Id. ¶ 7(a).) Plaintiff Brophy invested approximately $140,000 in the property, both for mortgage payments and renovation costs. (Id. ¶ 12.) On October 19, 2017, Defendant sold the property and took possession of the sales proceeds, breaching the partnership agreement. (Id. ¶¶ 34, 43-45.) Plaintiffs allege that Defendant has not shared any of the net profits with Plaintiff Brophy. (Id. ¶ 56.)

On December 27, 2017, Plaintiffs commenced a civil action in the Philadelphia County Court of Common Pleas against Defendant, asserting claims of breach of contract and unjust enrichment. Over sixteen months later, on April 8, 2019, Defendant filed in this Court a document that was titled "Complaint," but which included in its body allegations consistent with a Notice of Removal and also included as an attachment Plaintiffs' state court Complaint. We therefore construed Defendant's filing as a Notice of Removal, seeking to remove the state court action to this Court based on diversity and federal question jurisdiction. On April 17, 2019, Plaintiffs filed a Motion to Remand, asserting both that this Court lacks jurisdiction and that removal was procedurally defective.

## II. LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States . . . ." 28 U.S.C. § 1441(a). Congress has conferred original jurisdiction to district courts in cases of federal question or diversity. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (citing 28 U.S.C. §§ 1331, 1332).

District courts have federal question jurisdiction over cases "arising under" federal statutes. Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 807 (1986) (citing U.S. Const. art. III, § 2). "[W]hether a claim 'arises under' federal law must be determined by reference to the [plaintiff's] 'well-pleaded complaint.'" Id. at 808 (citing Franchise Tax Bd. v. Construction Laborers Vacation Tr., 463 U.S. 1, 9-10 (1983)). Under the well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908). Neither a defense nor a counterclaim asserted by the defendant can confer federal question jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction.").

District courts have diversity jurisdiction over civil actions where "the matter in controversy exceeds the sum or value of $75,000 and is between 'citizens of different states.'" McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) (quoting 28 U.S.C. § 1332(a)(1)). One exception to a defendant's ability to remove based on diversity jurisdiction is the forum defendant rule. See 28 U.S.C § 1441(b)(2); Encompass Ins. Co. v. Stone Mansion Rest. Inc., 902 F.3d 147, 152 (3d Cir. 2018). Under that rule, set forth in 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of the [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). If removal violates the forum defendant rule, then it is procedurally defective. Spitzer v. Lincoln Nat. Life. Ins. Co., Civ. A. No. 12-5910, 2013 WL 3878585, at *1 (E.D. Pa. July 29, 2013) (citation omitted).

3

"Cases may be remanded under § 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." PAS v. Travelers Ins., 7 F.3d 349, 352 (3d Cir. 1993); see also Dietz v. Avco Corp., 168 F. Supp. 3d 747, 752 (E.D. Pa. 2016) (stating that remand is required if federal court lacks subject matter jurisdiction or defendant did not follow proper removal procedures) (citing 28 U.S.C. § 1447(c); and Balazik v. Cty of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995)); Spitzer, 2013 WL 3878585, at *4 (requiring remand where there was defect in removal procedure). When considering a Motion to Remand, a federal court is only obliged to inquire about whether a defendant has met his burden of establishing diversity jurisdiction under circumstances in which the court has first determined that there is neither federal question jurisdiction nor a forum defendant. Yellen v. Teledne Cont'l Motors, Inc., 832 F. Supp. 2d 490, 495 (E.D. Pa. 2011); see also Target Corp. v. Frederick Mut. Ins. Co., 302 F. Supp. 3d 695, 699 (E.D. Pa. 2018) (holding that the forum defendant rule prohibits removal and "provides a separate basis for remand").

## III. DISCUSSION

Plaintiffs argue in their Motion that we should remand the case because we lack either federal question or diversity jurisdiction. They further argue that irrespective of whether we have diversity jurisdiction, this case should be remanded pursuant to the forum defendant rule.

### A. Federal Question Jurisdiction

Defendant Belfi asserts in his Complaint/Notice of Removal that this Court has federal question jurisdiction over this case because he is pursuing numerous claims against Plaintiffs that arise under federal law. However, as noted above, whether a case is subject to federal question jurisdiction is determined by reference to the plaintiff's well-pleaded complaint. Merrell Dow, 478 U.S. at 808. Here, because we construed Defendant's filing in this Court as a Notice of

Removal, it is Plaintiffs' state court Complaint that we must consider in determining whether this Court has federal question jurisdiction over this case, and that Complaint asserts no federal question claims against Defendant. While Defendant appears to attempt to assert defenses and/or counterclaims against Plaintiffs that arise under federal law, such defenses and/or counterclaims do not suffice to confer federal question jurisdiction. Holmes, 535 U.S. at 831. We therefore conclude that this Court does not have federal question jurisdiction over this case and the case could not be removed to this Court based on federal question jurisdiction.

B. Diversity Jurisdiction/Forum Defendant Rule

In the absence of federal question jurisdiction, Defendant's only possible jurisdictional basis for removal to this Court is diversity of citizenship. While Plaintiffs assert that the parties are not diverse from one another, we need not resolve what is a disputed issue of citizenship and related arguments regarding fraudulent joinder because Plaintiffs also correctly assert that removal based on diversity is procedurally improper pursuant to the forum defendant rule. See Yellen, 832 F. Supp. 2d at 495.

As noted above, the forum defendant rule bars removal based on diversity of citizenship when a defendant who has been properly joined and served is a citizen of the State in which the action is brought. 28 U.S.C § 1441(b)(2). Here, Defendant concedes that he is a citizen of Pennsylvania and Plaintiffs initiated this action in Pennsylvania. (See Def.'s Compl./Notice of Removal, at 25.) Defendant also does not argue that he was improperly joined or served as a defendant and, indeed, he has been litigating this case in state court for many months.[2] On these

---

[2] Given that this case was initiated in state court in 2017 and was not removed to this court until April of 2019, Plaintiffs also argue in their Motion to Remand that Defendant's removal was untimely under 28 U.S.C. § 1446. While this argument appears meritorious, we need not reach it, because we conclude that remand is appropriate under the forum defendant rule.

facts, Defendant's removal clearly violated the forum defendant rule, and was procedurally improper. We therefore conclude that this case must be remanded to the Philadelphia County Court of Common Pleas.

**IV.    CONCLUSION**

For the reasons stated above, we conclude that Defendant has failed to establish federal question jurisdiction and that removal based on diversity jurisdiction violates the forum defendant rule. We therefore grant Plaintiffs' Motion to Remand and remand the case to the Philadelphia County Court of Common Pleas. An appropriate Order follows.


BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.